UNITED STATES of America, Appellee,

v.

Carlos Rigoberto AVILA–RAMIREZ, a/k/a "Carlos R. Avila," a/k/a "Carlos Avila," Defendant–Appellant.

No. 98–1243.

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 1999.

Decided March 11, 1999.

Daniel H. Murphy, III, Pelham Manor, New York, for Defendant–Appellant.

Jane A. Levine, Assistant United States Attorney for the Southern District of New York (Ira M. Feinberg, Assistant United States Attorney; Mary Jo White, United States Attorney, of counsel), New York, New York, for Appellee.

Before: WINTER, Chief Judge, VAN GRAAFEILAND, and PARKER, Circuit Judges.

PER CURIAM:

█ Carlos Rigoberto Avila–Ramirez appeals from a sentence imposed by Judge Chin for illegally reentering the United States after having been deported in violation of 8 U.S.C. § 1326. Appellant contends that his sentence should be vacated because he was sentenced under a statute not in effect at the time of the offense in violation of the Ex Post Facto Clause. *See* U.S. Const. art. 1, § 9, cl.3.[1] The government concedes that the

---

1. Appellant also contends that his conviction under Florida Statute 800.04(3) was not a crime involving "sexual abuse of a minor" within the meaning of Section 1101(a)(43)(A) and was

sentence violates this constitutional provision, and we remand for resentencing.

Avila–Ramirez plead guilty to a violation of 8 U.S.C. § 1326, which makes it a crime for an alien who has been deported from the United States to re-enter the country.[2] Under the Sentencing Guidelines, a court is to increase a sentence by 16–levels if "the defendant previously was deported after a conviction for an aggravated felony." U.S.S.G. § 2L1.2(b)(2) (1995 ed.).

The district court concluded that appellant's conviction in Florida for indecent assault involving a minor constituted an "aggravated felony" and enhanced the sentence. In making this determination, the district court looked to 8 U.S.C. § 1101(a)(43)(A), which defined "aggravated felony" to include "sexual abuse of a minor" and imposed the enhancement. See U.S.S.G. § 2L1.2 application note 1 (stating that " 'aggravated felony' is defined at 8 U.S.C. § 1101(a)(43)") (1997 ed.).

At the time of sentencing, however, neither the parties nor the court realized that "rape, and sexual abuse of a minor" were not added to the list of aggravated felonies until 1996. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, § 321(a)(1), 110 Stat. 3009–627. This provision became effective on September 30, 1996. See id. § 321(c). Appellant's crime, however, was completed in February 1996 when he was discovered by the Immigration and Nationalization Service. See United States v. Rivera–Ventura, 72 F.3d 277, 281–82 (2d Cir.1995). To enhance Avila–Ramirez's sentence based on a statute

enacted after the completion of his offense would, therefore, violate the Ex Post Facto Clause. See Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Berrios v. United States, 126 F.3d 430, 432 (2d Cir.1997).

Although appellant failed to raise this claim in the district court, the 16–level enhancement of the sentence in a manner that clearly runs afoul of the Constitution constitutes plain error. See Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997) (to reverse on claim not raised at trial, there "must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." (internal quotation marks omitted)). Because such a sentence would result in a "manifest injustice," United States v. Arigbodi, 924 F.2d 462, 464 (2d Cir.1991), we find that the sentence must be vacated.

■ Appellant further argues that on remand the district court may not enhance the sentence due to a conviction for an aggravated felony other than the indecent assault conviction. He contends that because the indictment charged that he had been deported "subsequent to his conviction for the commission of an aggravated felony, to wit, indecent assault of a minor," to which he plead guilty, he cannot receive an enhancement based upon a different aggravated felony.

The language of the indictment tracks Section 1326(b)(2). The Supreme Court has held that subsection (b)(2) does not constitute a separate crime but merely authorizes a sentence enhancement. See Almendarez–Torres v. United States, 523 U.S. 224, 118

therefore not an "aggravated felony." We vacate the sentence on the Ex Post Facto claim and do not reach this argument.

2. Section 1326 reads in relevant part:
(a) Subject to subsection (b) of this section, any alien who—
(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter.
(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with

respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.
(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

.    .    .    .    .

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

.    .    .    .    .

S.Ct. 1219, 140 L.Ed.2d 350 (1998). Accordingly, the Court held that an indictment need not include this language. *See id.* Because the surplus language goes only to a sentencing issue, it is irrelevant to the district court's determination. The sentencing court is therefore required to increase a defendant's sentence if he or she has been convicted of a prior aggravated felony, whether or not the indictment mentions that conviction. The district court is thus free to consider whether to reimpose the enhancement based on another conviction.

We therefore vacate Avila–Ramirez's sentence and remand for resentencing.