**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin ALDAPE–MENDOZA,**
**Defendant–Appellant.**

**No. 00–6385.**

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before NORRIS and BATCHELDER, Circuit Judges; GWIN, District Judge.*

## ORDER

Martin Aldape–Mendoza, a federal prisoner proceeding through counsel, appeals the sentence imposed following his conviction for violating 8 U.S.C. §§ 1326(a) and (b)(2). Both parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Aldape–Mendoza, a previously deported Mexican citizen, of illegally reentering the United States "[b]etween in or about December, 1995 and in or about December, 1999," following an aggravated felony conviction. Aldape–Mendoza pleaded guilty to the indictment without benefit of a written plea agreement, but reserved the right to challenge his status as an aggravated felon based on a 1988 conviction for receipt of stolen property. At sentencing, the district court rejected Aldape–Mendoza's challenge to his status, accordingly increased his total offense level by 16 pursuant to USSG § 2L1.2(b)(2), and sentenced him to 46 months in prison and 3 years of supervised release.

In his timely appeal, Aldape–Mendoza argues that he was sentenced in violation of the Ex Post Facto Clause because his 1988 conviction did not meet the statutory definition of "aggravated felony" for the entire time covered by the indictment.

This court reviews a district court's interpretation and application of the Sentencing Guidelines de novo, but reviews its factual determinations for clear error. *United States v. Pierce,* 17 F.3d 146, 151 (6th Cir.1994).

The Ex Post Facto Clause prohibits any law which increases the punishment for a crime, or which produces a sufficient risk of increasing the punishment for a crime, beyond that prescribed when the crime was committed. *California Dep't of Corr. v. Morales,* 514 U.S. 499, 504 and 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). All circuits which have considered the question agree that the "aggravated felony" provision of USSG § 2L1.2 is not retroactive and that it does not, on its face, violate the Ex Post Facto Clause. *United States v. Lozano,* 138 F.3d 915, 916–17 (11th Cir. 1998) (collecting cases). This is so because the punishment set forth in 8 U.S.C. § 1326 is for the offense of reentry and not for the earlier aggravated felony. *United States v. Baca–Valenzuela,* 118 F.3d 1223, 1230 (8th Cir.1997). However, a sentence does run afoul of the Ex Post Facto Clause where the underlying conviction was not added to the list of aggravated felonies until after the defendant reentered the United States. *United States v. Avila–Ramirez,* 170 F.3d 277, 278 (2d Cir.1999).

Aldape–Mendoza's 1988 conviction, for which he was sentenced to three years in prison, did not meet the definition of "aggravated felony" until Congress amended 8 U.S.C. § 1101(a)(43)(G) on September 30, 1996, to include convictions for receipt of stolen property for which a defendant was sentenced to at least one year in prison. Although Aldape–Mendoza's indictment covers a time period which in part

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

predates the 1996 amendment, his sentence is not in violation of the Ex Post Facto Clause because he has reentered the United States at least once since the 1996 amendment became effective. Subsequent to his 1988 conviction, Aldape–Mendoza was deported in December 1995 and July 1999. He was again found in the United States in a Tennessee county jail in December 1999. As his 1988 conviction fell within the definition of "aggravated felony" at the time of his 1999 reentry, his sentence was properly enhanced pursuant to USSG § 2L1.2(b)(2). Aldape–Mendoza is not prejudiced by the portion of the indictment covering the time period before the 1996 amendment as his sentence was not additionally enhanced based on the 1995 reentry.

Accordingly, the district court's judgment is affirmed.