

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# USA v. Ordaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3889

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ordaz" (2007). *2007 Decisions*. Paper 1302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3889

UNITED STATES OF AMERICA

v.

COSME ORDAZ,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D. C. No. 98-cr-00587-16
District Judge: Honorable Anita B. Brody

Submitted under Third Circuit LAR 34.1(a)
on February 1, 2007

Before: BARRY and ROTH , Circuit Judges
IRENAS*, District Judge

(Opinion Filed  April 16, 2007)

O P I N I O N

*The Honorable Joseph E. Irenas, Senior District Judge for the District of New
Jersey, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

Cosme Ordaz appeals his sentence of 298 months imprisonment imposed by the District Court. We have jurisdiction to review his sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). For the reasons set forth below, we will affirm.

In 1998, a grand jury returned a 76 count indictment against Appellant, Cosme Ordaz, and 17 co-defendants, charging them with various narcotics and conspiracy offenses. Specifically, Ordaz was charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and the use of a telephone in furtherance of a drug conspiracy in violation of 21 U.S.C. § 843(b). A trial was held and the jury returned a verdict of guilty against Ordaz on both counts with which he was charged. Ordaz was subsequently sentenced by the District Court to 360 months imprisonment, as well as 10 years of supervised release, a $5,000 fine, and a $200 special assessment. Ordaz appealed his conviction and sentence to this Court. We affirmed his conviction, but vacated his sentence and remanded for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Ordaz*, 398 F.3d 236 (3d Cir. 2005). On remand, the District Court sentenced Ordaz to 298 months imprisonment, followed by 10 years of supervised release, and reimposed the $5,000 fine and $200 special assessment. In calculating the applicable guidelines range, the court found by a preponderance of the evidence that Ordaz's criminal activity involved between 5 and 15 kilograms of cocaine,

2

which produced a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4). Additionally, the court assessed a 3-level enhancement for his managerial role in the conspiracy. *See* U.S.S.G. § 3B1.1(b). Applying a criminal history category of VI, the resulting guidelines range was 292 to 365 months incarceration.

Ordaz timely appealed his sentence. On appeal, Ordaz challenges, among other things, the factual findings made by the District Court at sentencing and the reasonableness of his sentence.[1]

Ordaz claims that the District Court erroneously found by a preponderance of the evidence that his criminal activity involved between 5 to 15 kilograms of cocaine and that he was a manager or supervisor of the conspiracy. We review factual findings relevant to the Guidelines for clear error. *See United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). In this instance, we conclude that the District Court's findings

---

[1] Ordaz raises two additional arguments on appeal, both of which are without merit. Ordaz first claims that any factual findings as to the quantity of cocaine attributable to him and his managerial role in the conspiracy must be found by a jury beyond a reasonable doubt. We have made clear, however, that district courts are permitted to make factual findings at sentencing and that the standard of proof under the guidelines for sentencing facts is preponderance of the evidence. *Cooper*, 437 F.3d at 330. Ordaz further maintains that his prior felony drug conviction must likewise be found by a jury beyond a reasonable doubt. Again, however, this argument ignores the current state of the law in this Circuit, which permits prior convictions not submitted to a jury to be used in sentencing to increase the applicable penalty. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998); *United States v. Jones*, 332 F.3d 688, 694-95 (3d Cir. 2003).

were not clearly erroneous. In finding that Ordaz was responsible for 5 to 15 kilograms of cocaine, the court relied on the testimony and wiretap evidence presented at trial, which it found to be credible. Furthermore, in assessing Ordaz a 3-level enhancement for his managerial role in the conspiracy, the court was persuaded by evidence of his direction over and threats of violence toward other members of the organization, as well as by the testimony of certain witnesses. The court acknowledged that this evidence was insufficient to establish that Ordaz was an organizer or leader of the conspiracy and, thus, refused to increase the offense by more than 3 levels. We find that the record clearly supports the court's findings with respect to both the quantity of cocaine attributable to Ordaz and his managerial role in the conspiracy. Accordingly, the District Court did not commit clear error.

Next, Ordaz claims that the sentence imposed by the District Court was unreasonable because the court failed to consider the factors set forth in 18 U.S.C. § 3553(a). Specifically, Ordaz maintains that the court sentenced him without consideration of his history and characteristics, the need for deterrence, and the kinds of sentences available. We review a sentence imposed by the District Court for reasonableness. *Cooper*, 437 F.3d at 328. To determine whether the court acted reasonably in imposing a sentence, we must be satisfied that the court properly considered the factors set forth in 18 U.S.C. § 3553(a). While the court is not required to discuss each factor listed in section 3553(a), the record must reflect that it, nonetheless, gave them meaningful consideration. Id. at 329. In this instance, there is sufficient evidence in the record to indicate that the District Court considered the factors

4

set forth in section 3553(a) in imposing its sentence. Indeed, the court determined that the need to promote respect for the law and to provide a just punishment for the offense were the primary considerations in this case. While the court acknowledged that Ordaz was involved in the conspiracy for only a short period of time, it also found a need for deterrence and protection of the public in light of Ordaz's "very dramatic prior history." Taking into account the circumstances of this case, the court found that a sentence within the appropriate guidelines range of 292 to 365 months was warranted and sentenced Ordaz to 298 months incarceration. We defer to the District Court's application of section 3553(a) in determining the appropriate sentence for Ordaz and conclude that the sentence imposed was reasonable.

Because we conclude that the court's factual findings were not clearly erroneous and its sentence was reasonable, we will affirm the judgment of sentence of the District Court.