CLD-067                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4194
_____

In Re:  COSME ORDAZ,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Criminal No. 2:98-cr-00587-016)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 13, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 14, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Cosme Ordaz is a federal prisoner currently serving a 298-month sentence of

incarceration.  We vacated the first sentence imposed by the District Court, <u>see generally</u>

<u>United States v. Ordaz</u>, 398 F.3d 236 (3d Cir. 2005), but affirmed the second, <u>see</u>

<u>generally</u> <u>United States v. Ordaz</u>, 227 F. App'x 170 (3d Cir. 2007); we also denied him a

certificate of appealability in the collateral attack on his conviction and sentence.  <u>See</u>

C.A. No. 11-1587 (order entered Oct. 17, 2011).

Ordaz now petitions for mandamus from this Court on the basis of two documents from the sentencing phase of his trial (ECF Nos. 627 and 772), both requesting "downward departures" based allegedly on poor conditions of pretrial confinement.[1] Ordaz contends that the motions were never ruled upon by the District Court, in violation of Fed. R. Crim. P. 32(i)(3)(B). He filed a "request for status report" below, and was told by the District Court that the case was now closed. According to Ordaz, this state of affairs compels us to "vacate the sentence and remand for the district court to clarify the basis for its ruling." Pet. 4.

As Ordaz acknowledges, mandamus is "an appropriate remedy in extraordinary circumstances only. . . . A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part by 3d Cir. L.A.R. 24.1(c) (1997) (altering prisoner-account-statement procedure described in footnote 6 of Madden). Nor is a mandamus proceeding a substitute for direct appeal. See Helstoski v. Meanor, 442 U.S. 500, 506 (1979). First, Ordaz does not actually demonstrate that the District Court failed to rule on the motions to which he refers; furthermore, the first of the two was filed pro se while he was represented by counsel, see United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012),

---

[1] See, e.g., United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000).

and predated our decision to remand the case for resentencing. The submissions themselves are not currently available on the District Court's electronic docket, nor has Ordaz presented us with copies of them. But ultimately, even if the District Court erred by failing to address Ordaz's request for a departure, the time to raise this claim—and alleged Rule 32(i) errors are waivable, see United States v. Broxmeyer, 699 F.3d 265, 278–79 (2d Cir. 2012)—has long since passed. Rule 32(i) governs procedures *at sentencing*, which took place some time ago. Since then, Ordaz has pursued two direct appeals and a collateral attack, without raising the lingering, unresolved sentencing motions. As the District Court correctly explained, his conviction and sentence are now final. Mandamus cannot generally provide an alternative when a litigant has previously failed to raise available claims.

Thus, finding neither extraordinary circumstances nor an indisputable right, we will deny this petition for mandamus.