**DLD-182**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3547
_____

UNITED STATES OF AMERICA

v.

COSME ORDAZ,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 98-cr-00587-16)
District Judge: Honorable Legrome D. Davis

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 17, 2016

Before: CHAGARES, GREENAWAY, JR., and SLOVITER[1], Circuit Judges

(Opinion filed:  May 2, 2016)
_____

OPINION*
_____

_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge
Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the
filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

*  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Cosme Ordaz appeals from an order of the District Court granting, but only in part, his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm.

In 1998, Ordaz was charged in the United States District Court for the Eastern District of Pennsylvania with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and use of a telephone in furtherance of a drug conspiracy, in violation of 21 U.S.C. § 843(b). Following a trial, the jury returned a verdict of guilty on both counts. Ordaz was sentenced to a term of imprisonment of 360 months. We affirmed the conviction, but vacated the sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Ordaz, 398 F.3d 236 (3d Cir.2005). On remand, Ordaz was sentenced to a term of imprisonment of 298 months. In calculating the applicable Guidelines range, the sentencing court found that Ordaz's criminal activity involved between 5 and 15 kilograms of cocaine, which produced a base offense level of 32. Additionally, the court assessed a 3-level enhancement for his managerial role in the conspiracy, bringing his offense level up to 35. With a category VI criminal history, Ordaz's resulting Guidelines range was 292 - 365 months. His actual sentence of 298 months thus was 6 months above the lower end of that range. We affirmed the new sentence. See United States v. Ordaz, 227 F. App'x 170 (3d Cir. 2007). Ordaz then unsuccessfully pursued relief from his conviction and sentence under 28 U.S.C. § 2255.

2

On April 29, 2015, Ordaz filed a motion to reduce his sentence, 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782. Specifically, Ordaz sought a 2-level reduction in his offense level from 35 to 33. The Federal Public Defender was appointed to represent Ordaz and communications with the Government then ensued. The Government evidently advised counsel that Ordaz was entitled to only a 1-level reduction in his offense level, from 35 to 34, because he was a career offender. The District Court eventually granted Ordaz's motion, but only to the extent of a 1-level reduction in his offense level from 35 to 34. The Court imposed a new sentence of 268 months' imprisonment, thus retaining the sentencing judge's determination to assign a length of incarceration that was 6 months above the lower end of the Guidelines range.

Ordaz filed a pro se motion for reconsideration, in which he argued that the sentencing court never specifically found that he was a career offender, and that the finding in the Presentence Report was insufficient to establish career offender status under U.S.S.G. § 4B1.1. The Government, pursuant to the District Court's order, submitted a response to the reconsideration motion, and argued that Ordaz was wrong on both counts. The Government argued that, because Ordaz was a career offender, any reduction in his sentence was capped at an offense level of 34. The Government asserted and documented that the transcript of the resentencing hearing showed that there were no objections to the facts in the Presentence Report, and that Ordaz had lodged no objections to the findings in the Presentence Report, including the criminal history calculation and the finding that his criminal record classified him as a career offender. The Government

argued that Ordaz's failure to object to the facts and conclusions in the Presentence Report constituted an admission of those facts and conclusions.

In an order entered on December 11, 2015, the District Court agreed with the Government's position and denied Ordaz's motion for reconsideration. The Court explained that Ordaz was a career offender, citing ¶ 116 of the Presentence Report, and that his status as a career offender would have dictated an offense level of 34 had the sentencing court not applied the higher offense level of 35 from § 2D1.2. Amendment 782 lowers offense levels by 2 as a general matter, but Ordaz's career offender status would cap his sentence reduction at level 34, not level 33. The Court found support for capping the 2-level reduction pursuant to a defendant's career offender status in United States v. Tellis, 748 F.3d 1305 (11th Cir. 2014) (reducing defendant's offense level from 38 to 37 where reduction would have reduced offense level to 36 were it not capped by application of § 4B.1 at an offense level of 37), and noted that, under our precedent, Amendment 782 does not apply to the § 4B1.1 career offender designation, see United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (career offender who received no downward departures and was sentenced within the career offender Guidelines range was not eligible for reduction in sentence even though his base offense level had been subsequently lowered by Amendment 706).

Ordaz appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Ordaz has submitted a summary action response, in which he has repeated the arguments he made in his motion for reconsideration. Specifically, he argues that

4

because he was not, in fact, sentenced under the career offender Guidelines, his offense level should have been set by the District Court at 33, not 34. Furthermore, he argues, the District Court should have taken into consideration his misconduct-free prison history in reducing his sentence. With respect to the latter argument, Ordaz asserts that he has served 202 months in prison without ever having been charged with a misconduct.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court's ultimate decision to deny a § 3582(c)(2) motion is reviewed for an abuse of discretion, but we review *de novo* the District Court's interpretation of the Guidelines. See Mateo, 560 F.3d at 154. A District Court generally cannot modify a term of imprisonment once it has been imposed. Section 3582(c)(2) provides an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement instructs that any reduction in sentence is not consistent with the policy statement and therefore not authorized by 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

Here, it is undisputed that Amendment 782 lowered Ordaz's applicable Guidelines range by at least 1 level. But there also is no genuine dispute here that the Presentence Report identified Ordaz as a career offender, and that, at his resentencing on August 12, 2005, the sentencing court specifically asked his counsel whether he had any objections

5

to the facts in the Presentence Report; counsel responded in the negative. A defendant who fails to object to facts asserted in the Presentence Report is deemed to have admitted those facts. See United States v. Siegel, 477 F.3d 87, 93 (3d Cir. 2007). See also United States v. McDowell, 888 F.2d 285, 290 n.1 (3d Cir. 1989) ("A conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination."). Ordaz's sentence reduction is thus capped at level 34, for the reasons given by the District Court; the corresponding Guidelines range is 262-327 months, see U.S.S.G. § 4B1.1(b)(2).[2]

In addition, the District Court was not authorized to take into consideration the factors identified in 18 U.S.C. § 3553(a). Section 1B1.10(b)(2) confines the extent of the reduction authorized in § 3582(c)(2) proceedings. Courts may not reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended Guidelines range produced by the substitution, unless the sentencing court originally imposed a term of imprisonment below the Guidelines range, Dillon v. United States, 560 U.S. 817, 827 (2010).

For the foregoing reasons, we will summarily affirm the orders of the District Court to the extent that the Court denied Ordaz a 2-level adjustment.

---

[2] Under § 4B1.1, an offense level of 34 applies where the statutory maximum penalty is less than life but exceeds 25 years. Ordaz's statutory maximum sentence was 30 years.