[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2009
THOMAS K. KAHN
CLERK

No. 09-11480
Non-Argument Calendar

_____

D. C. Docket No. 97-00233-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MORELAND,
a.k.a. Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 8, 2009)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Moreland, a federal prisoner convicted of crack cocaine offenses,

appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for

reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine. On appeal, Moreland argues that: (1) because he was originally sentenced under the drug quantity guideline, rather than the career offender guideline, the district court should have resentenced him without considering the applicability of career offender guideline; and (2) if we determine that he was sentenced as a career offender, his case should be stayed until the petition for rehearing en banc has been resolved in the similar case of United States v. Argro, No. 08-14591. After careful review, we affirm, and deny his motion for a stay.

We "review de novo a district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new

2

base level to determine what ultimate sentence it would have imposed." Id. In other words, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Under the second step, the court must decide whether to retain the original sentence or to resentence the defendant under the amended guideline range. Id. at 781.

A career offender's base offense level is determined by using either the offense level which would ordinarily apply under Chapters 2 and 3, or, if it results in a higher offense level, the table in § 4B1.1(b). U.S.S.G. § 4B1.1(b). Thus, where, as here, a defendant's offense level would be the same, sentencing under Chapters 2 and 3 is contemplated.

In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009), we held that defendants who were originally sentenced under § 4B1.1(b)'s career offender table were not eligible for § 3582(c)(2) relief because their guideline ranges were not based on the drug quantity offense levels which had been lowered by Amendment 706. 541 F.3d at 1327-30. The Moore decision, however, did not address the applicability of Amendment 706 to a career offender who was originally sentenced based on the drug quantity guideline.

3

In this case, Moreland was originally sentenced as a career offender, but his base offense level was determined under § 2D1.1(c) because application of § 4B1.1(b) did not result in a higher offense level. U.S.S.G. § 4B1.1(b). Because of Moreland's status as a career offender, the district court, in determining whether Amendment 706 reduced Moreland's guideline range, was required to consider not only whether the amendment reduced his drug quantity base offense level, but also its determination at his original sentencing that Moreland was a career offender. See Bravo, 203 F.3d at 780. In other words, the court had to determine Moreland's new base offense level under § 2D1.1(c), and then compare it to his career offender base offense level under § 4B1.1(b) to determine which was higher.

Amendment 706 reduced Moreland's drug quantity base offense level from 34 to 32. See U.S.S.G. App. C, Amend. 706. Nevertheless, because 21 U.S.C. §§ 841(a)(1) and 860(a) carry a statutory maximum sentence of 80 years' imprisonment, Moreland's base offense level under § 4B1.1(b) remained at 34. See 21 U.S.C. §§ 841(b)(1)(B), 860(a); U.S.S.G. § 4B1.1(b). Therefore, Amendment 706 did not have the effect of reducing Moreland's sentencing range. This approach is consistent with the policy statement in § 1B1.10(b)(1), which directs the court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time

4

the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). As a result, the district court did not err in denying Moreland's § 3582(c)(2) motion, and we affirm the district court's denial of the motion.[1]

**AFFIRMED.**

---

[1] We also deny Moreland's request to stay his case pending the resolution of the en banc petition in <u>Argro</u> because we have already dismissed the petition in <u>Argro</u>.