[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15664
Non-Argument Calendar
_____

D.C. Docket No. 8:97-cr-00233-SCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MORELAND,
a.k.a. Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On December 18, 2003, Anthony Moreland pursuant to a plea agreement tendered a plea of guilty to Count One of a two-count indictment, distribution of 5 grams or more of crack cocaine in or on or within 100 feet of a public or private youth center on November 12, 1996, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The presentence report ("PSI") prepared by the District Court's Probation Office determined the offense level for the crime under U.S.S.G. §§ 2D1.1 and 2D1.2. Because the offense involved the sale of 87.72 ounces of crack cocaine, the PSI fixed the base offense level at 32, under U.S.S.G. 2D.1, added 2 levels, under U.S.S.G. § 2D1.2(a), because the offense occurred near a protected area, for total offense level of 34, then adjusted that level downward, under U.S.S.G. § 3E1.1(a) and (b) to 31, for acceptance of responsibility. PSI at ¶ 28. Coupled with a criminal history category VI, level 31 yielded a Guidelines sentence range of 188 to 235 months imprisonment. *Id.* at ¶ 82.

On March 23, 2004, the District Court adjudicated Moreland guilty of the offense, adopted the PSI's Guidelines range, found that Moreland was a career offender under U.S.S.G. 4B1.1,[1] and, noting that his career offender status did not affect the Guidelines range calculation under §§ 2D1.1 and 2D1.2, Doc. 71, at 55,

---

[1] Moreland had two convictions for a crime of violence in Sarasota County, Florida, manslaughter in 1978 and robbery in 1983.

2

sentenced Moreland to a prison term of 188 months, at the low end of the Guidelines range.  *Id.,* at 58-59, 61.  Moreland did not appeal his sentence.

On October 17, 2008, Moreland, proceeding *pro se*, moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 706 of the Sentencing Guidelines, a retroactive amendment that reduced the drug-quantity thresholds and base offense levels for certain crack offenses.  Moreland acknowledged that he was a career offender, but argued that he had been sentenced not as a career offender but pursuant to a Guidelines range fixed by U.S.S.G. §§ 21D1.1 and 2D1.2 for his drug offense and that the court should adjust the Guidelines range based on those two sections and reduce his sentence under Amendment 706.  The District Court, stating, "[h]ad the Defendant been sentenced after the effective date of the amendment to the crack cocaine guideline, the amendment would have had no effect on his sentence,"  Doc. 64, at 3, concluded that Amendment 706 did not affect Moreland's sentence because he was a career offender and denied his § 3582(c) motion.

Moreland, having obtained counsel, appealed the District Court's decision. *United States v. Moreland*, 355 Fed. Appx. 376, 2009 WL 4598278 (C.A. 11 (Fla.)).  He presented the same arguments he presented to the District Court.  *Id.* at 1-2.  In response, we stated that the District Court's first task, under the two-step

process followed in ruling on a § 3582(c) motion,  was to "determine Moreland's

new base offense level under § 2D1.1(c) [the Drug Quantity Table], and then

compare it to his career offender base offense level under § 4B1.1(b) to determine

which was higher.  *Id.* at 2.  We then said this, concluding that Amendment 706

provided Moreland no relief:

> Amendment 706 reduced Moreland's drug quantity base offense level
> from 34 to 32. *See* U.S.S.G. App. C, Amend. 706.  Nevertheless,
> because 21 U.S.C. §§ 841(a)(1) and 860(a) carry a statutory maximum
> sentence of 80 years' imprisonment, Moreland's base offense level
> under § 4B1.1(b) remained at 34. *See* 21 U.S.C. §§ 841(b)(1)(B),
> 860(a); U.S.S.G. § 4B1.1(b). Therefore, Amendment 706 did not have
> the effect of reducing Moreland's sentencing range. This approach is
> consistent with the policy statement in § 1B1.10(b)(1), which directs
> the court to "determine the amended guideline range that would have
> been applicable to the defendant if the amendment(s) ... had been in
> effect at the time the defendant was sentenced." U.S.S.G. §
> 1B1.10(b)(1). As a result, the district court did not err in denying
> Moreland's § 3582(c)(2) motion, and we affirm the district court's
> denial of the motion

*Id.* at 2-3.  In short, we held that Moreland's criminal offender status under § 4B1.1

controlled the District Court's disposition of his § 3582(c) motion for sentence

reduction.

On June 6, 2013, Morehead again moved the District Court *pro se* to reduce

his sentence pursuant to § 3582(c), this time based on Amendment 750, a second

retroactive amendment to U.S.S.G. 2D1.1(c) that reduced the drug-quantity

thresholds and base offense levels for certain crack offenses.  And once again the

District Court denied his motion, concluding that his career offender status precluded Amendment 750, like Amendment 706, from lowering the Guidelines range in his case. Now, having obtained counsel, he appeals that decision.

In his first § 3582(c) proceeding, Moreland litigated the question of whether he was sentenced as a career offender and thus precluded from § 3582(c) relief. He did not prevail, so now the question is whether the doctrine of issue preclusion has settled the career offender issue once and for all for Moreland.

> Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748–49, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). This serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." CSX Transp., Inc. v. Bhd. of Maint. of Way Emps., 327 F.3d 1309, 1317 (11th Cir.2003) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552 (1979)). We apply issue preclusion when (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. See CSX Transp., 327 F.3d at 1317.

*Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012). It seems clear to us that all four factors are present here. As

5

such, the question is settled: Moreland was sentenced as a career offender and thus is not entitled to § 3582(c) relief.

Moreland nonetheless argues that, even if he remains a career offender, *Freeman v. United States*, 564 U.S. __, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), abrogated our holding in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), that a career offender is not eligible for § 3582(c)(2) relief. We disagree. In *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012), we held that *Freeman* did not overrule or abrogate our holding in *Moore*. As *Lawson* remains good law, we are bound to follow it. *See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (holding that we are bound by the holding of a prior opinion unless that holding is overruled by the Court sitting *en banc* or by the Supreme Court).

AFFIRMED.