United States Court of Appeals,

Eleventh Circuit.

No. 97-4004.

UNITED STATES of America, Plaintiff-Appellee,

v.

Melquisedec LOZANO, Defendant-Appellant.

April 9, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 96-6029-Cr-NCR), Norman C. Roettger, Jr., Judge.

Before COX and HULL, Circuit Judges, and FAY, Senior Circuit Judge.

FAY, Senior Circuit Judge:

Melquisedec Lozano pled guilty to being found in the United States after illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). The district court sentenced Lozano to a prison term of 46 months. Lozano appeals his sentence, arguing that the enhancement of his sentence pursuant to U.S.S.G. § 2L1.2(b)(2) violated the Ex Post Facto Clause of the U.S. Constitution. We disagree and affirm.

*Facts*

Lozano was convicted for cocaine distribution in the Eastern District of Michigan on December 16, 1987 and was deported on October 22, 1992. He was discovered in the United States on January 9, 1996 and was arrested. He pled guilty to a one-count indictment on October 8, 1996. The Presentence Investigation Report ("PSI") assigned Lozano a base offense level of eight pursuant to U.S.S.G. § 2L1.2. The PSI recommended a 16-level increase pursuant to § 2L1.2(b)(2) because Lozano's previous deportation was subsequent to an aggravated felony. Three levels were deducted under § 3E1.1 due to Lozano's acceptance of responsibility, leaving him with an adjusted offense

level of 21 and a guideline range of 46 to 57 months. Lozano filed several objections to the PSI, including one based on the ex post facto argument discussed below. Each objection was overruled and the district court sentenced Lozano on December 20, 1996, to 46 months' imprisonment.

*Discussion*

Lozano contends that the 16 level aggravated felony enhancement violates the Ex Post Facto Clause of the Constitution.[1] His claim is based upon the proposition that the sentence enhancement in this case punishes him for his 1987 conduct under a law and a guideline not effective in 1987. We review this claim *de novo. See United States v. Robinson,* 935 F.2d 201, 203 (11th Cir.1991).

Article I, section 9 of the Constitution provides, "No Bill of Attainder or ex post facto Law shall be passed." The Ex Post Facto Clause bars laws that "retroactively alter the definition of crime or increase the punishment for criminal acts." *California Dept. of Corrections v. Morales,* 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995), *quoting, Collins v. Youngblood,* 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). Two elements must be present before a court can find an ex post facto violation: "[F]irst, the law "must be retrospective, that is, it must apply to events occurring before its enactment'; and second, "it must disadvantage the offender affected by it.' " *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987), *quoting Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981); *Robinson,* 935 F.2d at 204.

We agree with every circuit to address the issue that the "aggravated felony" provision of U.S.S.G. § 2L1.2 is not retrospective and, therefore, is not ex post facto. *See United States v. Baca-Valenzuela,* 118 F.3d 1223, 1231 (8th Cir.1997); *United States v. Cabrera-Sosa,* 81 F.3d 998, 1001

---

[1]Lozano also challenges the district court's denial of his motion for downward departure. We see no basis for challenging the court's discretion in this regard.

(10th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 218, 136 L.Ed.2d 151 (1996); *United States v. Saenz-Forero,* 27 F.3d 1016, 1020 (5th Cir.1994); *United States v. Arzate-Nunez,* 18 F.3d 730, 734 (9th Cir.1994). The offense for which Lozano was sentenced was being found in the United States after illegally reentering the country. *See Almendarez-Torres v. United States,* 66 U.S.L.W. 4213, 4214-16 (U.S.1998); *United States v. Palacios-Casquete,* 55 F.3d 557, 560 (11th Cir.1995). At the time of the commission of that offense, the penalties were unambiguous, and any subsequent changes have not been applied to Lozano's detriment.[2] This analysis is consistent with Supreme Court case law upholding statutes aimed at punishing recidivists. *See, e.g., Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948) ("[The sentence] is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."); *McDonald v. Massachusetts,* 180 U.S. 311, 313, 21 S.Ct. 389, 390, 45 L.Ed. 542 (1901) ("The statute, imposing a punishment on none but future crimes, is not ex post facto.").

 AFFIRMED.

---

[2]The 16-level enhancement was provided by an amendment to the Sentencing Guidelines effective on November 1, 1991, pre-dating Lozano's offense by over four years.