[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12129
Non-Argument Calendar

_____

D.C. Docket No. 5:94-cr-00002-BAE-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN F. HOBBS,
a.k.a. Bennie Hobbs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 3, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin Hobbs appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion to reduce his 274-month sentence.  Hobbs was convicted in 1994 of conspiring to possess cocaine and cocaine base with intent to distribute, and was ultimately held responsible for 595.5 grams of cocaine base.  Applying the 1993 Sentencing Guidelines manual, the sentencing court assigned Hobbs a base offense level of 36 under U.S.S.G. § 2D1.1(c)(4), and added a 2-offense-level enhancement for Hobbs's possession of firearms.  After applying a 3-offense-level reduction for accepting responsibility, the sentencing court calculated a total offense level of 35, a criminal history category of VI, and a Guidelines range of 292 to 365 months' imprisonment.   Hobbs was a career offender, but the sentencing court sentenced him under § 2D1.1 because, even given Hobbs's statutory maximum sentence of life imprisonment, § 2D1.1 resulted in a higher offense level than the career offender Guideline.  The sentencing court imposed a 292-month sentence of imprisonment.

In 2008, the district court granted Hobbs's first § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 706 to the Guidelines.  It calculated a new total offense level of 34 (pursuant to the now higher career offense level), and a new Guidelines range of 262 to 327 months' imprisonment.  Based on these calculations, the district court reduced Hobbs's sentence to 274 months' imprisonment.  Hobbs subsequently filed the instant § 3582(c)(2) motion, which

2

he premised upon Amendment 750.  He now argues that the district court erred by denying his motion after it concluded that Amendment 750 did not alter his Guidelines range.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  *See United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  Part A of Amendment 750 amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c) and reducing the offense levels associated with various amounts of crack cocaine.  U.S.S.G. App. C, Amend. 750, Pt. A, *cross-referencing* U.S.S.G. App. C, Amend. 748.  Amendment 750 became effective on November 1, 2011.  U.S.S.G. App. C, Amend. 750.

A district court may not reduce a defendant's term of imprisonment that has been imposed unless: (1) the defendant's sentence was based upon a Guidelines range that the Sentencing Commission subsequently lowered; (2) the district court considers the 18 U.S.C. § 3553(a) factors; and (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  It may reduce a defendant's previously imposed sentence of imprisonment pursuant to § 3582(c)(2) if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement.  U.S.S.G. § 1B1.10(a)(1).  Parts A and C of Amendment 750 may serve

3

as the basis for a sentence reduction. *See id*. § 1B1.10(c).

When determining whether a reduction is warranted, a court should determine the Guidelines range that would have applied had the relevant amendment been in effect at the time of the defendant's sentencing. *Id*. § 1B1.10(b)(1). A court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other sentencing decisions unaffected. *Id*.; *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

A reduction is not consistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's applicable Guidelines range. U.S.S.G. § 1B1.10(a)(2)(B). Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, the district court is unauthorized to grant a § 3582(c)(2) sentence reduction. *Moore*, 541 F.3d at 1330. This includes situations in which the defendant's applicable Guidelines range is calculated through the application of the career offender Guideline. *See id*. at 1326-30.

In 1994, a defendant's responsibility for 595.5 grams of cocaine base resulted in a base offense level of 36, *see* U.S.S.G. § 2D1.1(c)(4) (1993), but

4

Amendment 750 operated to lower the base offense level to 32, *see id*.

§ 2D1.1(c)(4) (2011).  A career offender facing a statutory maximum of life

imprisonment received an offense level of 37, which applied if it was greater than

the offense level that was otherwise applicable.  *Id*. § 4B1.1(A) (1993).  A

defendant with a base offense level of 34 (37 reduced by 3 for acceptance of

responsibility) and a criminal history category of VI was subject to a Guidelines

range of 262 to 327 months' imprisonment.  U.S.S.G. Ch. 5, Pt. A (1993)

(sentencing table), the same offense level and Guideline level for Hobbs that

resulted from the 2008 sentencing pursuant to Amendment 706.

The district court did not have authority to reduce Hobbs's sentence under

§ 3582(c)(2) because, in light of his designation as a career offender, Amendment

750 did not operate to lower his applicable Guidelines range.  After a careful and

thorough consideration of the record and the parties' briefs, we affirm the district

court's denial of Hobbs's motion to reduce his sentence.

**AFFIRMED.**

5