[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12596
_____

D.C. Docket No. 6:01-cr-00089-JA-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMORY LEE TELLIS,
a.k.a. Emmit,
a.k.a. Fat Head,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 18, 2014)

Before MARTIN and HILL, Circuit Judges, and FULLER,[*] District Judge.

_____

[*] Honorable Mark E. Fuller, United States District Judge for the Middle District of Alabama,
sitting by designation.

MARTIN, Circuit Judge:

Emory Lee Tellis is currently serving a 188-month sentence after pleading guilty to conspiracy to sell crack cocaine. In this appeal he challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines (USSG). After a careful review of the parties' briefs and the relevant caselaw, and with the benefit of oral argument, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  INITIAL SENTENCING

In June 2001, Mr. Tellis was indicted for conspiracy to sell crack cocaine in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty on October 2, 2001.

Mr. Tellis's Presentence Investigation Report (PSR) was completed in January 2002. The PSR stated that he was a career offender as defined in USSG § 4B1.1. Mr. Tellis did not object to the PSR's designation of him as a career offender. His offense level was 37 under the career offender table in USSG § 4B1.1.[1] Because of the amount of crack involved, Mr. Tellis's base offense level was 38 under the drug quantity table in USSG § 2D1.1. The offense level for a career offender is the higher value calculated using USSG §§ 2D1.1 and 4B1.1.

---

[1] The Probation Office's calculation of Mr. Tellis's career offender offense level assumed he would not receive any reduction for acceptance of responsibility.

See USSG § 4B1.1(b).  Thus, the PSR stated that "since the adjusted offense level is 38, career offender status does not impact the total offense level."

Based upon an offense level of 38, the PSR calculated the guideline imprisonment range as 360 months to Life.  Before sentencing, the United States moved pursuant to USSG § 5K1.1 for a three-level reduction based on Mr. Tellis's "substantial assistance."  If the district court had adopted the offense level of 38 and applied the three-level reduction for substantial assistance, Mr. Tellis's offense level would have been 35 and his guideline range would have been 292 to 365 months.  With an additional three-level reduction for acceptance of responsibility, his offense level would have been 32 and his guideline range 210 to 262 months.

Mr. Tellis appeared for sentencing in the district court on January 15, 2002. The sentencing hearing was not transcribed, and the court reporter's notes have been destroyed.  The parties here agree that Mr. Tellis received a three-level reduction pursuant to USSG § 3E1.1 for accepting responsibility.  We also know that the motion to recognize Mr. Tellis's substantial assistance was granted and based on that, he received an additional three-level reduction.  Ultimately Mr. Tellis was sentenced to 210-months imprisonment, which was the low end of the range for an offense level of 32—a base level of 38 under USSG § 2D1.1 minus six points for the substantial assistance and acceptance of responsibility reductions.

B.  FIRST MODIFICATION MOTION

On November 1, 2007, the Sentencing Commission promulgated Amendment 706. USSG App. C, Amend. 706 (2007). "The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses." United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008). On March 3, 2008, the Commission made Amendment 706 retroactively applicable. USSG App C., Amend. 713 (2008). Therefore, following the adoption of these Amendments Mr. Tellis's base offense level under USSG § 2D1.1 was lowered from 38 to 36 given the amount of crack involved in this case.

Also on March 3, 2008, the Commission revised its policy statement in § 1B1.10. It said that a defendant is not eligible for a sentence reduction where an amendment "does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. 1(A). To receive sentencing relief under § 3582(c)(2), the Amendment relied upon must lower the "applicable guideline range." Id. The Commission defined the applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to [USSG §] 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." Id.

In May 2008, the district court ordered a supplemental PSR to establish whether, in light of Amendment 706 and USSG § 1B1.10, Mr. Tellis's original

4

sentence should be reduced.  One week later, Mr. Tellis moved for a modification of his sentence pursuant to Amendment 706.

In its response to the district court order, the Probation Office stated that the base offense level for Mr. Tellis under Amendment 706 in light of the amount of drugs involved would be 36.  "However," it continued, "pursuant to the career offender provisions of USSG § 4B1.1, the offense level is enhanced to 37, and with a 3 level reduction for acceptance of responsibility, the total offense level becomes 34."  Applying the three-level reduction pursuant to substantial assistance as before would then result in an offense level of 31, which has an imprisonment range of 188 to 235 months.  Thus, to reach the offense level of 31, the Probation Office relied on the career offender offense level in USSG § 4B1.1 as a starting point.

On July 18, 2008, Mr. Tellis and the United States filed a joint stipulation. They noted that the supplemental PSR "correctly states that, pursuant to 18 U.S.C. § 3582(c)(2), the defendant is eligible for a reduction in his previously-imposed term of imprisonment."  It added that the PSR is also correct that:

> pursuant to USSG § 1B1.10, the retroactive application of Amendments 706 and 711 . . . makes the defendant eligible for a reduction in his sentence to a total term of imprisonment of 188 months.  Therefore, pursuant to 18 U.S.C. § 3582(c)(2), the Court may adjust the defendant's previously-imposed sentence by reducing it by up to 22 months.

On August 19, 2008, the district court reduced Mr. Tellis's sentence to a term of 188 months.

## C.  SECOND MODIFICATION MOTION

In November 2011, the Commission promulgated Amendment 750.  This Amendment "revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1 to conform to the Fair Sentencing Act of 2010."  United States v. Glover, 686 F.3d 1203, 1204 (11th Cir. 2012).  Later, Amendment 750 was also made retroactive, allowing sentence reductions under 18 U.S.C. § 3582(c)(2).  USSG App. C, Amend. 759.  Base offense levels were lowered for certain quantities of crack cocaine offenses, and following the adoption of Amendment 750 Mr. Tellis's base offense level under USSG § 2D1.1 was 34 instead of 38 originally, or 36 after Amendment 706.  USSG App. C, Amend. 759 (2011); USSG § 2D1.1(c)(3).

On November 10, 2011, Mr. Tellis moved to reduce his sentence pursuant to Amendment 750.  The district court requested another supplemental PSR.  This time Probation stated that Mr. Tellis was "not eligible for a sentence reduction because he was sentenced as a career offender."  The government opposed Mr. Tellis's motion, arguing that:

> [w]hen the Court applied Amendment 706 in 2008, the offense level under the career offender guideline became the higher of the two and the Court reduced the defendant's sentence in accordance with the new range as dictated by the career offender guideline. . . . When the reduction under Amendment 750 is applied and the

amended base offense level is substituted for the original base offense level under the drug quantity table, the career offender level remains the higher of the two and, therefore, the guidelines range remains the same as in 2008.

Mr. Tellis maintained "that the career offender guideline was not applied at his original sentencing, and thus cannot be applied in these proceedings."

The district court denied Mr. Tellis's motion to reduce under Amendment 750, stating: "Defendant is not, however, eligible for further reduction because his career offender guideline range is now greater than the drug offense level." Mr. Tellis timely appealed.

## II.  ANALYSIS

After a person is sentenced, a district court may modify their sentence in only limited situations. One of those situations is set forth in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This Court reviews de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012), cert. denied 133 S. Ct. 568 (2012). We review

7

the factual findings underlying the district court's legal conclusions for clear error. United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009). A defendant bears the burden of demonstrating that a retroactive Amendment has actually lowered his guideline range. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

## A. DISCUSSION OF RECORD

Although Mr. Tellis argues that the record does not conclusively establish that he was considered to be a career offender, the record contradicts this claim. The January 2002 PSR stated explicitly that Mr. Tellis was a career offender. The United States has advised us that the June 2008 PSR also designated Mr. Tellis as a career offender, and Tellis has not disputed this. The district court noted this again in denying Mr. Tellis's Amendment 750 motion, stating that he "was determined to be a career offender" when he appeared in 2002. And in 2008 Mr. Tellis stipulated to a sentence modification that was calculated based on his career offender status.

Mr. Tellis next argues that because his original sentence was based on drug quantity, rather than the career offender guideline range, relying on the career offender provisions now "would constitute a re-sentencing proceeding as opposed to a modification proceeding." But this ignores what happened when the district court considered Mr. Tellis's Amendment 706 motion, and why. When considering Mr. Tellis's first motion to reduce his sentence, the district court had to consider "not only whether the amendment reduced his drug quantity base offense

8

level, but also its determination at his original sentencing that [he] was a career offender." United States v. Moreland, 355 F. App'x 376, 378 (11th Cir. 2009) (per curiam). The district court did so, and so was required to modify Mr. Tellis's sentence based on his career offender status.

Because Mr. Tellis's Amendment 706 modification properly resulted from his career offender status, the district court did not err in denying his motion to modify his sentence pursuant to Amendment 750. In light of Mr. Tellis's status as a career offender, Amendment 750 did not lower his offense level after the Amendment 706 modification, and thus did not alter the guideline range. For that reason, the district court correctly concluded that it had no discretion to lower his sentence.

We have affirmed similar results in several unpublished cases. See, e.g., United States v. Florence, 503 F. App'x 796, 797–99 (11th Cir. 2013) (per curiam) (affirming district court's guideline range modification pursuant to § 4B1.1 although defendant originally sentenced pursuant to § 2D1.1); United States v. Hobbs, 491 F. App'x 113, 115 (11th Cir. 2012) (per curiam) (affirming district court's determination it lacked discretion to modify pursuant to Amendment 750 after career offender was originally sentenced based on drug quantity table and had sentence reduced pursuant to Amendment 706 because "in light of his designation as a career offender, Amendment 750 did not operate to lower his applicable

9

Guidelines range"). See also United States v. Hubbard, 508 F. App'x 561, 562 (7th Cir. 2013) (rejecting argument that applying career offender guideline in sentence modification pursuant to Amendment 750 after initially sentencing based on drug quantity table is a resentencing). Mr. Tellis has not persuaded us that these decisions should have been decided differently.

## B.  FREEMAN DID NOT OVERRULE MOORE

Finally, neither are we persuaded by Mr. Tellis's argument that Freeman v. United States, 131 S. Ct. 2685 (2011), has undermined our decision in Moore. In Moore, this Court held that a retroactive guideline amendment does not trigger 18 U.S.C. § 3582(c)(2) when a sentence was based on the career offender guideline and the amendment does not alter the guideline range. 541 F.3d at 1330. Mr. Tellis argues that Moore was called into question by Freeman, where the Supreme Court examined a § 3582(c)(2) petition filed after the Commission adopted Amendment 706. No opinion received a majority of the Court in Freeman, and it did not address USSG § 4B1.1. Rather, the case addressed whether defendants who entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c) were eligible for § 3582(c)(2) relief. 131 S. Ct. at 2690.

Mr. Tellis argues that "the reasoning and holding in Moore was undermined to the point of abrogation by the subsequent Supreme Court decision in Freeman." This Court has rejected that argument in Lawson and many cases since. See, e.g.,

10

Lawson, 686 F.3d at 1321 ("Moore remains binding precedent because it has not been overruled."). Mr. Tellis argues Lawson is distinguishable from his case because he was not sentenced within the career offender guideline range at his initial sentencing. But the key is whether Mr. Tellis's term of imprisonment is based on the career offender guideline. Because Mr. Tellis's modification in 2008 was based on his career offender status, it is, and therefore Moore controls.

### III. CONCLUSION

For the reasons above, we affirm the district court's order.