[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14872
Non-Argument Calendar
_____

D.C. Docket No. 4:01-cr-00047-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 15, 2015)

Before MARCUS, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Hall, a federal prisoner currently serving a 360-month sentence of imprisonment for two crack-cocaine offenses, appeals *pro se* from the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Hall sought a sentence reduction based on Amendments 706 and 750 to the United States Sentencing Guidelines, which reduced the base offense levels for crack-cocaine offenses. The district court found Hall ineligible for § 3582(c)(2) relief because he was sentenced as a career offender, under U.S.S.G. § 4B1.1, so the amendments did not have the effect of lowering his amended guideline range. On appeal, Hall contends that he was not, in fact, sentenced as a career offender and that his sentence was instead based on the drug-quantity tables in U.S.S.G. § 2D1.1. Hall also argues that applying U.S.S.G. § 1B1.10, as amended by Amendment 759, violates the *Ex Post Facto* Clause, U.S. Const. art. I, § 9, cl. 3. After careful review, we affirm.

## I.

We review *de novo* the district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Tellis*, 748 F.3d 1305, 1308 (11th Cir. 2014). The factual findings underlying the district court's legal conclusions are reviewed for clear error. *Id*. A defendant bears the burden of establishing his eligibility for a sentence reduction. *Id.*

Section 3582(c) grants district courts limited authority to modify a term of imprisonment once it has been imposed. *See id.* Pursuant to § 3582(c)(2), the court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Only certain amendments made retroactively applicable are eligible bases for a sentence reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(1), (d).[1]

Amendment 706 (effective Nov. 1, 2007) and Amendment 750 (effective Nov. 1, 2011) both amended the drug-quantity table in § 2D1.1(c) to lower the base offense levels for crack-cocaine offenses.[2] U.S.S.G. App. C, Amends. 706 & 750. Both amendments have been made retroactively applicable. *See id.*, Amends. 713 & 759; U.S.S.G. § 1B1.10(d). Each amendment provided a two-level reduction in base offense levels for crack-cocaine offenses.

A district court generally must follow a two-step process in ruling on a § 3582(c) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). At the first step, the court determines eligibility—whether the amendment lowered the defendant's applicable guideline range. *See id.* To do so, the court must identify

---

[1] All citations to the United States Sentencing Guidelines Manual ("U.S.S.G.") are to the current version (Nov. 2014) unless otherwise noted.

[2] The drug-quantity table in U.S.S.G. § 2D1.1 has since been amended again, on November 1, 2014, to further reduce the base offense levels for drug offenses. *See* U.S.S.G. Supp. to App. C, Amend. 782; U.S.S.G. § 2D1.1(c)(5). Amendment 782 is not retroactively applicable until November 1, 2015. U.S.S.G. § 1B1.10(e)(1).

the amended guideline range that would have applied if the eligible amendment had been in effect at the time the defendant was sentenced.    U.S.S.G. § 1B1.10(b)(1).  In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions originally applied, leaving "all other guideline application decisions unaffected."  *Id*.  In other words, the court must ask whether the amendment, keeping all else constant, would have lowered the defendant's guideline range.  If the amendment would have lowered the defendant's applicable guideline range, at the second step, the court evaluates whether, in the court's discretion, to resentence the defendant under the amended guideline range or to retain the original sentence.  *Bravo*, 203 F.3d at 781.

Here, the pre-sentence investigation report ("PSR") for Hall's original sentencing stated that, based on 680.86 grams of crack cocaine, Hall's base offense level was 36.  *See* U.S.S.G. § 2D1.1 (2001).  With a two-level increase for obstruction of justice, Hall's adjusted offense level was 38.  However, the PSR also classified Hall as a career offender under § 4B1.1.  Under the career-offender guidelines, if the offense level for a career offender from the table in § 4B1.1 "is greater than the offense level otherwise applicable," the offense level from the table shall apply.  U.S.S.G. § 4B1.1(b).  Under the § 4B1.1 table, Hall's offense level was 37.  *Id.*  Consequently, the PSR set Hall's total offense level at 38

"[b]ecause the offense level calculated pursuant to Chapters Two and Three (38) is greater than the offense level calculated pursuant to § 4B1.1 (37)." (PSR ¶ 38). The district court adopted the PSR at sentencing.

Hall argues that the PSR's and district court's use of the offense level of 38 shows that he was not sentenced as a career offender, even if he was eligible to be sentenced as such. We respectfully disagree. *See, e.g.*, *Tellis*, 748 F.3d at 1306-08 (rejecting similar arguments). As explained above, § 4B1.1(b) provides that the offense level for a career offender being sentenced for a drug crime is the higher value calculated using U.S.S.G. §§ 2D1.1 and 4B1.1. *See* U.S.S.G. § 4B1.1(b). If Hall's offense level under § 2D1.1 had been lower than 37, the career offender offense level of 37 would have applied. *See id.* Because it was not, the offense level of 38 applied. *See id.*

Moreover, both the PSR and the transcript from the sentencing hearing unambiguously show that Hall was sentenced as a career offender at his sentencing in 2002. For example, the PSR states that "[a]ccording to § 4B1.1, the defendant is considered a career offender," and it reflects that Hall's criminal history category was changed from IV to VI because "the defendant is a career offender." (PSR ¶¶ 38, 48); *see* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). And at sentencing, the court stated that Hall "qualifies as a career offender."

5

Because Hall was sentenced as a career offender, Amendments 706 and 750 do not alter the sentencing range upon which his sentence was based. Had Amendments 706 and 750 been in effect at the time of Hall's sentencing in 2002, his base offense level would have been 32 instead of 36. *See* U.S.S.G. § 2D1.1(c)(1)(4) (2013). Factoring in the original two-level increase for obstruction of justice, his total offense level would have been 34. Because Hall's career offender offense level of 37 under § 4B1.1 would have been greater than his offense level based on § 2D1.1, he would have been assigned a total offense level of 37. *See* U.S.S.G. § 4B1.1(b). Based on a total offense level of 37 and a criminal history category of VI, Hall's advisory guideline range would have remained at 360 months to life imprisonment. U.S.S.G. Sentencing Table (2001).

"Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2009); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range"). *Moore* remains good law. *See Tellis*, 748 F.3d at 1309-10; *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012). Although Amendments 706 and 750 reduced Hall's base offense level, no sentence

6

reduction is authorized because the sentencing range would remain the same. *See Moore*, 541 F.3d at 1330; *see also* U.S.S.G. § 1B1.10(a)(2)(B). Hall's attempts to distinguish his case from *Moore* and *Tellis* are unpersuasive.

Consequently, the district court properly found that it lacked authority under § 3582(c)(2) to grant Hall's requested sentence reduction. *See Tellis*, 748 F.3d at 1309; *Moore*, 541 F.3d at 1330.

## II.

Hall also contends that the district court committed an *ex post facto* violation in denying his § 3582(c)(2) motion by "injecting" the career-offender enhancement into his original sentence and by applying U.S.S.G. § 1B1.10, as amended by Amendment 759 in November 2011. Hall argues that Amendment 759 effectively eliminated the district court's discretion to reduce his sentence and that the court instead should have applied the Sentencing Guidelines in effect at the time of his original sentencing.

"The Ex Post Facto Clause bars laws that retroactively alter the definition of crime or increase the punishment for criminal acts." *United States v. Lozano*, 138 F.3d 915, 916 (11th Cir. 1998) (internal quotation marks omitted). Generally, to prevail on an *ex post facto* claim, the defendant must show that (1) the law he challenges operates retroactively, in that it applies to conduct occurring before its enactment, and (2) it disadvantaged him. *Id.*

7

As discussed above, Hall initially was sentenced in 2002 as a career offender under § 4B1.1.  It was not retroactively applied.  Therefore, there was no *ex post facto* violation based on Hall's career-offender status.  *See id.*

Section 1B1.10 is a binding policy statement governing motions for sentence reductions under § 3582(c)(2).  *See Dillon v. United States*, 560 U.S. 817, 826-28, 130 S. Ct. 2683, 2691-92 (2010).  Amendment 759 made several changes to § 1B1.10 and its commentary.  First, the amendment made parts of Amendment 750 retroactive.  *See* U.S.S.G. App. C, Amend. 759.  Second, it made changes to the district court's discretion to reduce a defendant's sentence below the amended guideline range.  "Before Amendment 759, a district court had discretion to lower a defendant's sentence below the amended guidelines range subject to some restrictions."  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).  After Amendment 759, a court cannot reduce a sentence below the amended guideline range except in cases where the "original sentence imposed had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities."  *Id.*  Amendment 759 also clarified how a court is to determine the "applicable guideline range" in cases where a departure or variance is applied, and it added an application note providing that the district court is required to apply the version of U.S.S.G. § 1B1.10 that is in effect on the

8

date on which it decides a § 3582(c)(2) motion.  U.S.S.G. App. C, Amend. 759; *see* U.S.S.G. § 1B1.10, cmt. nn.1(A) & 8.

Hall's *ex post facto* challenge is foreclosed by prior precedent.  In *Colon*, we held that Amendment 759 did not violate the *Ex Post Facto* Clause because its "restriction on the district court's discretion to reduce [the defendant's] sentence based on [a retroactive amendment] did not increase the punishment assigned by law when the act to be punished occurred."  707 F.3d at 1258 (concerning Amendment 750) (internal quotation marks and emphasis omitted).  Here, as in *Colon*, the net effect of Amendments 706, 750, and 759 "was not to increase [Hall's] range of punishment above what it was at the time [he] committed [his] crimes."  *Id.* at 1258-59.  Hall's guideline range after the amendments was the same as it would have been without them.  We are bound by our decision in *Colon* unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Hall relies on the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013), which was decided after *Colon*.  In *Peugh*, the Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense.  133 S. Ct. at 2078; *id.* at 2084 ("A retrospective increase in the

9

Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation."). Hall also relies on a district court case from Illinois, which found that § 1B1.10(b)(2)(A) "violates the *Ex Post Facto* Clause because it alters the formula used to arrive at the applicable reduced Guidelines sentencing range pursuant to a Section 3582(c)(2) motion." *United States v. King*, No. 99-CR-952-1, 2013 WL 4008629, at *21 (N.D. Ill. Aug. 5, 2013).

*Peugh* did not overrule and does not conflict with *Colon*. Neither *Colon* nor this case involves, as in *Peugh*, a higher sentencing range than the version in place at the time of the offense. Rather, the *ex post facto* challenge in *Colon*, as it is here, was based on the district court's application of the post-Amendment 759 version of § 1B1.10 and its restrictions on the court's discretion to reduce a sentence. *See Colon*, 707 F.3d at 1258. *King* is not binding and, of course, cannot overrule a prior decision of this Court. Consequently, under *Colon*, there is no *ex post facto* violation. *See id.* 1258-59.

## III.

Accordingly, for the reasons stated above, we affirm the denial of Hall's § 3582(c)(2) motion.

**AFFIRMED.**