[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11077
Non-Argument Calendar
_____

D.C. Docket No. 4:01-cr-00047-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 13, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Hall, a federal prisoner proceeding pro se and currently serving a

360-month total sentence for crack cocaine offenses, appeals from the district

court's sua sponte denial of a sentence reduction pursuant to 18 U.S.C. §

3582(c)(2) and Amendment 782 to the Sentencing Guidelines, and its subsequent denial of his motion to reconsider that order.  Hall previously moved for a sentence reduction under Amendments 706 and 750 to the Sentencing Guidelines, which was denied, and we affirmed that decision because the amendments did not lower Hall's advisory guideline range, since he was sentenced as a career offender. United States v. Hall, No. 14-14872, 2015 WL 4269583 (11th Cir. July 15, 2015) (unpublished).  While that appeal was pending, the district court sua sponte denied Hall a sentence reduction under Amendment 782 because Hall's career offender status precluded relief.  On appeal from that order, Hall argues generally that the district court erred in denying him relief.  After careful review, we affirm.

We review de novo the district court's conclusions regarding the scope of its legal authority under 18 U.S.C. § 3582(c)(2).  United States v. Tellis, 748 F.3d 1305, 1308 (11th Cir. 2014).  The factual findings underlying the district court's legal conclusions are reviewed for clear error.  Id.  "Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion."  United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008).  A district court abuses its discretion in a § 3582(c)(2) proceeding if it fails to apply the proper legal standard or follow proper procedures in making its determination.  United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

2

"As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)." United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008). Pursuant to § 3582(c)(2), the court may reduce a defendant's prison term sua sponte or upon a motion by the defendant if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (2013). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (2013) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

In recalculating a sentence under the amended Sentencing Guidelines, the district court "shall determine" the amended guideline range that would have been applicable to the defendant if the applicable retroactive amendment had been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1) (2013). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions that were applied when the

defendant was sentenced, and "shall leave all other guideline application decisions unaffected." Id.; United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000); see also Dillon v. United States, 560 U.S. 817, 831 (2010) (holding that the district court properly declined to address two alleged errors made at Dillon's original sentencing proceeding -- the treatment of the guidelines as mandatory and the erroneous inflation of his criminal history category -- because those issues were "outside the scope of the proceeding authorized by § 3582(c)(2)").

Amendment 706 to the Sentencing Guidelines -- which went into effect on November 1, 2007, and was made retroactive -- amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack-cocaine offenses." Moore, 541 F.3d at 1325; see also U.S.S.G. App. C, Amend. 706. As a result of this amendment, § 2D1.1(c) assigned a base offense level of 34 in cases involving at least 500 grams but less than 1.5 kilograms of crack cocaine. U.S.S.G. App. C, Amend. 706; see also U.S.S.G. § 2D1.1(c)(3) (2007). Amendment 750 -- made retroactively applicable effective on November 1, 2011, by Amendment 759 -- made permanent the temporary emergency Amendment 748. See U.S.S.G. App. C, Amends. 750, 759. Of relevance, Amendment 748 lowered the base offense levels for crack cocaine under § 2D1.1(c), so that at least 280 grams but less than 840 grams of crack cocaine

4

would result in an offense level of 32.  See U.S.S.G. App. C, Amend. 748; U.S.S.G. § 2D1.1(c)(1)(4) (2013).

Amendment 782 became effective on November 1, 2014, and was made retroactive by Amendment 788 as of the same date.  U.S.S.G. App. C, Amends. 782 & 788; U.S.S.G. § 1B1.10(d).  The amendment revised the Drug Quantity Table in § 2D1.1(c), and, in pertinent part, lowered the offense level applicable to offenses involving at least 280 grams but less than 840 grams of cocaine base from 32 to 30.  Compare U.S.S.G. § 2D1.1(a)(3), (c)(1) (2013), with U.S.S.G. § 2D1.1(a)(5), (c)(1); see also U.S.S.G. App. C, Amend. 782.

Under the 2001 version of the Sentencing Guidelines -- which were in effect at the time of Hall's sentencing -- a defendant is a career offender if (1) the defendant was at least 18 years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled-substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled-substance offense.  U.S.S.G. § 4B1.1 (2001).  If the offense level for a career criminal, as listed in § 4B1.1, "is greater than the offense level otherwise applicable," the offense level from § 4B1.1 shall apply.  U.S.S.G. § 4B1.1 (2001).  Of relevance, a career offender who faces a statutory maximum sentence of life imprisonment

would be assigned an offense level of 37, and a career offender's criminal history "in every case" shall be Category VI.  Id.

If a defendant is a career offender, his base offense level generally is determined under the career-offender guideline in U.S.S.G. § 4B1.1 and not the drug-quantity guideline in § 2D1.1.  See Moore, 541 F.3d at 1327-28 (holding that Amendment 706 has no effect on the applicable guideline range if the defendant's offense level is based on § 4B1.1).  As a result, a retroactive amendment to the drug table in § 2D1.1 does not lower the career-offender-based guideline range within the meaning of § 3582(c)(2), and district courts are not authorized to reduce a sentence on that basis.  See id. at 1327-28, 1330.  Further, we have held that Moore remains binding precedent in this Circuit and was not overruled by Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011).  United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012).

The law-of-the-case doctrine is a rule of practice self-imposed by the court and operates to create efficiency, finality, and obedience within the justice system. United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996).  The doctrine provides that an appellate court's decision is generally binding at all later stages in the same case in the trial court or on a subsequent appeal.  See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).  This rule encompasses both findings of fact and conclusions of law made by the appellate court.  United

States v. Anderson, 772 F.3d 662, 668 (11th Cir. 2014).   There are limited exceptions to the law-of-the-case doctrine: where there is new evidence, an intervening change in controlling law dictates a different result, or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous.  Id. at 668-69.  We may raise the law-of-the-case doctrine sua sponte, and we have applied the law-of-the-case doctrine in § 3582(c)(2) appeals.  See id. at 668-70; see also Escobar-Urrego, 110 F.3d at 1560-61 (11th Cir. 1997) (holding that a sentencing court's determination that was not challenged on direct appeal was binding in the appeal of the denial of a subsequent § 3582(c)(2) motion).

We've previously determined that Hall was originally sentenced as a career offender, and that finding of fact is encompassed by the law-of-the-case doctrine. Anderson, 772 F.3d at 668.  There is no new evidence or intervening change in controlling law undercutting that decision, nor is it clearly erroneous, so none of the exceptions to the doctrine prevent its application.  Id. at 668-69.  Because our determination that Hall was originally sentenced as a career offender binds us under the law-of-the-case doctrine, he is not entitled to relief under Amendment 782.  See Moore, 541 F.3d at 1327-28.  Therefore, the district court did not err in denying him a sentence reduction under Amendment 782.[1]

---

[1] In so doing, we reject the government's argument that the district court lacked jurisdiction to sua sponte deny relief to Hall under Amendment 782 while Hall's first appeal was pending in this Court.  Whether a district court has jurisdiction to address a particular issue while an appeal

**AFFIRMED**.

---

is pending depends on whether that issue is already before this Court on appeal or is otherwise inextricably intertwined with the parties' continued litigation of the issue before this Court.  See RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC, 718 F.3d 1308, 1314 (11th Cir. 2014).  The rule against dual jurisdiction serves two important interests: (1) judicial economy and (2) fairness to parties who might otherwise be forced to fight a "two front war."  Shewchun v. United States, 797 F.2d 941, 943 (11th Cir. 1986).  As applied here, the specific issue of whether Hall was entitled to relief under Amendment 782 was not before the court when the district court denied relief.  Moreover, accepting that the district court had jurisdiction to rule on Amendment 782 best serves the two aims of the prohibition on dual jurisdiction -- judicial efficiency and fairness -- especially since, as we've concluded, a remand of the issue would not be meritorious.  We therefore conclude that the district court had jurisdiction when it ruled on the Amendment 782 issue now before us.

8