[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11571
Non-Argument Calendar
_____

D.C. Docket No. 6:03-cr-00042-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CECIL RAWLS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 30, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Cecil Rawls, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines.[1]  After careful review, we affirm.

## I.

Rawls pled guilty pursuant to a plea agreement to one count of possession with intent to distribute and distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  The plea agreement stated that Rawls was a career offender under U.S.S.G. § 4B1.1.  Before his sentencing hearing, the probation office prepared a presentence investigation report ("PSI"), which also deemed Rawls a career offender (based on two prior controlled substance offenses).  His career offender designation resulted in an offense level of 34.  With a three-level adjustment for acceptance of responsibility and a criminal history category of VI, his guidelines range was 188 to 235 months' imprisonment.  Rawls lodged no objections to the PSI, either before or during sentencing.  The district court twice indicated that it adopted the PSI's factual statements and

---

[1] The district court also denied Rawls's motion under § 3582(c)(2) to reduce his sentence under Amendments 706, 709, 711, and 750, as well as his motion for a writ of mandamus (in which he asked the district court to determine his eligibility for a reduction under Amendment 782).  On appeal, Rawls has omitted a challenge to the district court's disposition of these motions.  He therefore has abandoned any argument that the district court's rulings were incorrect.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (internal citation omitted)).

guidelines calculations, first at sentencing and second in its Statement of Reasons. The court sentenced Rawls to 200 months' imprisonment.[2]

Rawls thereafter filed the instant motion, asserting that he was entitled to a reduction in his sentence under Amendment 782, which provides a two level reduction in the base offense levels for most drug quantities listed in U.S.S.G. § 2D1.1(c). The district court denied Rawls's motion, reasoning that because his guidelines range was based on his career offender designation, not the quantity of drugs for which he was held responsible, Amendment 782 would not apply to him. Rawls now appeals.

## II.

A district court may modify an incarcerated defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission's amendment. *See* 18 U.S.C. § 3582(c)(2). When the district court considers a § 3582(c)(2) motion, it must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the guidelines range under the amended guidelines. "In undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the

---

[2] Although Rawls filed a direct appeal and a motion to vacate his sentence under 28 U.S.C. § 2255, this Court summarily disposed of both because of an appeal waiver provision in his plea agreement.

original sentencing remain intact." *Id.* (internal quotation marks omitted). If the amended guidelines range is lower than the original range, then the district court has authority to reduce a defendant's sentence and may proceed to the second step in its analysis. *See id.*; U.S.S.G. § 1B1.10 cmt. n.1(A). In that step, the district court must decide "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence," taking into account the factors listed in 18 U.S.C. § 3553(a). *Bravo*, 203 F.3d at 781.

We review *de novo* the district court's conclusions regarding the scope of its legal authority to reduce a sentence under § 3582(c)(2) and for clear error its underlying factual findings. *United States v. Tellis*, 748 F.3d 1305, 1308 (11th Cir. 2014). Because Rawls is *pro se*, we construe his pleadings liberally. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

Here, the district court determined that it lacked authority to reduce Rawls's sentence because his guideline range, which was based on his career offender designation, remained unchanged under Amendment 782, which affected only the offense levels calculated under U.S.S.G. § 2D1.1. Rawls asserts that this conclusion was error, arguing that he was not actually sentenced as a career offender in his original sentencing proceeding. Contrary to Rawls's assertion, however, the record makes clear that he was sentenced as a career offender. His

4

PSI, to which he did not object, deemed him a career offender and calculated his guidelines range based on that status.  The district court adopted the PSI at the sentencing hearing and noted that adoption in the Statement of Reasons it prepared following sentencing.

Rawls argues in the alternative that, when his sentence originally was calculated, his guidelines range was the same under U.S.S.G. § 2D1.1 as under the career offender guideline U.S.S.G. § 4B1.1, so he should get the benefit of the reduction to the drug quantity guidelines that Amendment 782 provided.  Even if Rawls is correct about his guidelines range calculations (and the PSI suggests he is), when undertaking its analysis of whether a sentence reduction was permissible, the district court was required to keep intact "[a]ll other guideline application decisions," including the Rawls's career offender designation.  *Bravo*, 203 F.3d at 780.  Keeping intact the career offender determination from his original sentencing means Rawls's guidelines range would not change because of Amendment 782. Thus, the district court was correct in concluding that it lacked authority to reduce Rawls's sentence under § 3582(c)(2) based on that amendment.[3]  *See Bravo*, 203 F.3d at 780.

---

[3] Because we conclude the record demonstrates that Rawls was sentenced as a career offender, we need not address the Government's alternative argument that this Court's summary disposition of his direct appeal constitutes law of the case on the issue of his career offender designation.

III.

Accordingly, the district court's denial of Rawls's § 3582(c)(2) motion to reduce his sentence is affirmed.

**AFFIRMED.**