[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12286
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-20916-WPD-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFONSO ALLEN,
a.k.a. Spoon,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2018)

Before TJOFLAT, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Alfonso Allen, a federal inmate proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

I.

Allen was convicted of several drug and firearm offenses.  Before sentencing, the probation office prepared a presentence investigation report ("PSI").  The PSI calculated Allen's base offense level under U.S.S.G. § 2D1.1 but deemed Allen a career offender under U.S.S.G. § 4B1.1 because he had two prior controlled substance felony offenses.  The PSI calculated a total offense level of 37 and a criminal history category of VI, which yielded a guidelines range of 360 months to life imprisonment.  But the PSI also noted that the mandatory minimum sentence for Count 1, conspiracy to distribute 50 or more grams of crack cocaine, was life imprisonment.  *See* 21 U.S.C. §§ 841(b)(1)(A) (amended 2010) and 851.

The district court adopted the PSI without modification and sentenced Allen to life imprisonment.  In 2016, President Barack Obama commuted Allen's sentence to 360 months' imprisonment.  Allen then filed the instant § 3582(c)(2) motion, arguing that he was entitled to a further reduction in his sentence under Amendment 782, which provides a two level reduction in the base offense level for most drug quantities listed in U.S.S.G. § 2D1.1(c).  The district court denied Allen's motion.  The district court expressed doubt that an executive commutation

rendered Allen eligible for a reduction, citing Allen's original statutory minimum sentence of life imprisonment, which, if undisturbed, would prohibit such a reduction.  In any event, the district court determined that a reduction in Allen's sentence below 360 months was unwarranted, citing the factors set forth in 18 U.S.C. § 3553(a), including the need "to protect the public, promote respect for the law and act as a deterrent."  Doc. 1158 at 5.[1]

This is Allen's appeal.

## II.

A district court may modify an incarcerated defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission's amendment.  *See* 18 U.S.C. § 3582(c)(2).  When the district court considers a § 3582(c)(2) motion, it must engage in a two-part analysis.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the district court must recalculate the guidelines range under the amended guideline.  "In undertaking this first step, only the amended guideline is changed.  All other guideline application decisions made during the original sentencing remain intact."  *Id.* (internal quotation marks omitted).  If the amended guidelines range is lower than the original range, then the district court has the authority to reduce a defendant's sentence and may proceed to the second

---

[1] "Doc." refers to the numbered entry on the district court's docket in this case.

step in its analysis.[2] *See id.* at 780-81; U.S.S.G. § 1B1.10 cmt. n.1(A).  In that second step, the district court must decide "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence," taking into account the factors listed in 18 U.S.C. § 3553(a). *Bravo*, 203 F.3d at 781.  A district court's decision at this step is reviewed for an abuse of discretion.  *United States v. Vautier*, 144 F.3d 756, 759 n.3 (11th Cir. 1998).

The district court did not err in denying Allen's § 3582(c)(2) motion. Assuming for the sake of argument that the district court had authority to reduce Allen's sentence under Amendment 782, the court was within its discretion to retain Allen's commuted sentence of 360 months' imprisonment.  The district court expressly considered the § 3553(a) factors, and Allen does not challenge the weight the court ascribed to the need to protect the public, promote respect for the law, and afford adequate deterrence to criminal conduct.[3]  Because the district court did not abuse its discretion, we affirm its order denying Allen's motion.

**AFFIRMED.**

---

[2] We review *de novo* the district court's conclusions regarding the scope of its legal authority to reduce a sentence under § 3582(c)(2) and for clear error its underlying factual findings.  *United States v. Tellis*, 748 F.3d 1305, 1308 (11th Cir. 2014).  Because Allen is *pro se*, we construe his pleadings liberally.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

[3] In his appellate brief, Allen makes passing reference to Amendments 706, 750, and 790. Even if we were to consider Allen's entitlement to relief under these Amendments, we would arrive at the same conclusion as we do for Amendment 782.