[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12873
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80094-DMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL HARDIMAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 30, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Nathaniel Hardiman, represented by counsel on appeal, appeals the district court's denial of his *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").[1]  The district court found Hardiman ineligible for § 3582(c)(2) relief because he was sentenced as a career offender, U.S.S.G. § 4B1.1, so Amendment 782, which lowered the base offense levels for most drug offenses under U.S.S.G. § 2D1.1, did not lower the guideline range upon which his sentence was based.  On appeal, Hardiman argues that, because he received a downward variance to the low end of the crack-cocaine guideline range that would have applied if he were not a career offender, he is eligible for a sentence reduction based on the Supreme Court's decision in *Freeman v. United States*, 564 U.S. ___, 131 S. Ct. 2685 (2011).  He contends that *Freeman* abrogated our decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), in which we concluded that career offenders were not eligible for relief under § 3582(c)(2) based on changes to the crack-cocaine guidelines.  After careful review, we affirm.

**I**.

Hardiman pled guilty to conspiracy to distribute fifty grams or more of crack cocaine.  At his sentencing in 2009, the district court found that Hardiman had

---

[1] In the underlying motion, Hardiman appears to have moved for relief based on Amendment 750, but the district court construed his request as based on Amendment 782, as the court previously had denied Hardiman relief under Amendment 750.  Our analysis is the same regardless of the particular amendment at issue.

prior felony convictions that qualified him as a career offender under U.S.S.G. § 4B1.1.  Under the career-offender guideline range, Hardiman faced 262 to 327 months in prison.  Nevertheless, the court found that the career-offender guideline, while technically applicable, produced an unreasonable sentencing range.  The court therefore downwardly varied from that range, pursuant to *Booker*[2] and 18 U.S.C. § 3553(a), and sentenced Hardiman to 130 months in prison—equivalent to the low end of the guideline range (130 to 162 months) produced by the crack-cocaine guideline, U.S.S.G. § 2D1.1.

Since 2009, the Sentencing Commission has twice amended the drug-quantity table in § 2D1.1 to reduce the base offense levels applicable to crack-cocaine offenses.  Hardiman first sought a sentence reduction in July 2012 after the Commission issued Amendment 750.[3]  The court found Hardiman ineligible for relief as a career offender and denied the motion.

Hardiman next sought a sentence reduction in September 2014, which the district court construed as requesting a reduction under Amendment 782.  The court again found Hardiman ineligible and denied the motion.  The court explained that Amendment 782 did not apply because, "[a]lthough the Court varied downward from the guidelines range, the Defendant was classified as a career

---

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).
[3] Hardiman also requested relief under the Fair Sentencing Act of 2010, but this Act cannot serve as a basis for a § 3582(c)(2) sentence reduction and does not apply retroactively. *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012).

offender and the Court's variance does not change the Defendant's career offender status." Doc. 564. Hardiman now appeals.

## II.

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(2). *See United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).

Section 3582(c)(2) permits district courts to reduce a defendant's term of imprisonment in the limited circumstances where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant's eligibility for a sentence reduction is determined by calculating the "amended guideline range that would have been applicable" if the retroactive amendment had been in effect at the defendant's original sentencing. *See* U.S.S.G. § 1B1.10(b)(1). The amended guideline range is determined by substituting only the amended guideline for the one originally used. *Id.*; *see United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

A sentence reduction is not consistent with the policy of the Sentencing Commission—and therefore is not authorized under § 3582(c)(2)—if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B.10(a)(2)(B); *see* 18 U.S.C.

4

§ 3582(c)(2) (providing that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."). The commentary to § 1B1.10 explains that the "applicable guideline range" is "determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). The Supreme Court has held that a commentary provision "which functions to interpret a guideline or explain how it is to be applied" is binding as long as the commentary does not conflict with the Constitution, a federal statute, or the guideline at issue. *Stinson v. United States*, 508 U.S. 36, 42-43, 45, 113 S. Ct. 1913, 1917-19 (1993) (alterations and internal quotation marks omitted).

In *Moore*, we explained that § 3582(c)(2) authorizes reductions to only those sentences that were "based on" sentencing ranges that were subsequently lowered by a retroactive amendment. *Moore*, 541 F.3d at 1327; *see id.* at 1326 ("Where a retroactively applicable guideline amendment does not alter the sentencing range upon which a defendant's sentence was based, § 3582(c)(2) does not authorize a sentence reduction."). Because Amendment 706 did not alter the career-offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based. *Id.* at 1327. We also noted that the commentary to § 1B1.10(a) "ma[de] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the

5

offense of conviction but not the career-offender sentencing range under which the defendant was sentenced. *Id.* at 1327-28; *see also* U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a reduction under § 3582(c)(2) is not consistent with the policy statement if the retroactive amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision").

Nevertheless, we distinguished the facts in *Moore* from two out-of-circuit district court cases in which the sentencing courts, by applying a downward departure under U.S.S.G. § 4A1.3, "reduced the defendants' offense levels to those that would be in effect absent the career offender guideline." *Id.* at 1229-30. Those reduced offense levels were then used to determine the guideline ranges under which the defendants were sentenced. *Id.* Because Amendment 706 lowered the offense levels that were used to determine the applicable guideline ranges, we stated that "a reduction in sentence is within the district court's discretionary authority under § 3582(c)(2)." *Id.* at 1330. We found no similar circumstances with respect to the defendants in *Moore*, because there was no "indication that the court based [the] sentence[s] on the guideline range that would have applied absent the career offender designation." *Id.*

In *Freeman*, the Supreme Court addressed whether defendants who enter into Rule 11(c)(1)(C), Fed. R. Crim. P., plea agreements are eligible for § 3582(c)(2) relief.   131 S. Ct. at 2690.   A four-justice plurality stated that § 3582(c)(2) "should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement."  *Id.* at 2692-93.  The plurality concluded that the judge's decision to accept a Rule 11(c)(1)(C) plea "is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief."  *Id.* at 2695.

In an opinion concurring in the judgment, Justice Sotomayor determined that sentences imposed pursuant to Rule 11(c)(1)(C) plea agreements, as a general matter, were not "based on" the guidelines.   *Id.* at 2696-97 (Sotomayor, J., concurring in the judgment).   But a particular defendant may be eligible for § 3582(c)(2) relief if the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission."  *Id.* at 2698 (Sotomayor, J., concurring in the judgment).

In *Lawson*, we rejected the argument that *Freeman* overruled or abrogated our decision in *Moore*.  *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012).   We explained that neither the plurality opinion nor Justice Sotomayor's concurrence dealt with the issue presented in *Moore*—"defendants who were

assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." *Id.*   Thus, *Moore* remains binding precedent in this Circuit. *Id.* at 1321; *see also United States v. Tellis*, 748 F.3d 1305, 1309-10 (11th Cir. 2014) (again rejecting the argument that *Freeman* overruled *Moore*).

Here, the district court properly denied Hardiman's § 3582(c)(2) motion. Despite Hardiman's contention that *Moore* has been abrogated by *Freeman*, we have held that *Moore* continues to be good law in this Circuit. *See Lawson*, 686 F.3d at 1321. Because Hardiman was found to be a career offender and sentenced under § 4B1.1, Amendment 782 did not have the effect of lowering the guideline range upon which his sentence was based. *See Moore*, 541 F.3d at 1327. Amendment 782 lowered the crack-cocaine base offense levels in § 2D1.1 but did nothing to the career-offender base offense levels in § 4B1.1. Accordingly, under *Moore* and *Lawson*, Amendment 782 did not alter the career-offender guideline range upon which his sentence was based, so a § 3582(c)(2) reduction is not authorized.

Acknowledging these general points, Hardiman counters that his sentence in fact was "based on" the crack-cocaine guideline range because the sentencing court downwardly varied from the career-offender guideline range to the low end of the

range calculated under § 2D1.1.[4]  In similar circumstances, the Sixth Circuit held that a career offender was eligible for § 3582(c)(2) relief when the sentencing judge varied from the career-offender guideline range to a range "that would have applied to [the defendant] under the crack cocaine guidelines if he were not a career offender." *United States v. Jackson*, 678 F.3d 442, 444-45 (6th Cir. 2012). Even our decision in *Moore* suggested that § 3582(c)(2) relief may not be completely foreclosed to a career offender when there is an "indication that the court based [the] sentence on the guideline range that would have applied absent the career offender designation." *Moore*, 541 F.3d at 1330.

Nonetheless, commentary to the Sentencing Commission's policy statement on § 3582(c)(2) sentence reductions, which became effective in November 2011, forecloses Hardiman's argument.  Under § 3582(c)(2), any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and a reduction is not consistent with the Commission's policy statement if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B).  The commentary to § 1B1.10, in turn, defines the "applicable guideline range" as the range "determined before consideration of . . . any

---

[4] We note that there is some force to this position because, from a practical standpoint, Hardiman's sentence was "based on" the crack-cocaine guideline range, and Hardiman may very well have received a sentence below 130 months of imprisonment had Amendment 782 been in effect at the time of his original sentencing.

variance.  U.S.S.G. § 1B1.10 cmt. n.1(A).  Therefore, Hardiman's eligibility for a sentence reduction is determined before considering the downward variance he received at sentencing.  In effect, the fact that Hardiman received a downward variance from the career-offender guideline range is irrelevant to his eligibility for § 3582(c)(2) relief.

Hardiman asserts without further analysis that the commentary defining "applicable guideline range" is inconsistent with the Supreme Court's interpretation of § 3582(c)(2) in *Freeman*.  However, *Freeman* addressed the question of whether a term of imprisonment was "based on" a sentencing range that has been lowered.  *See* 131 S. Ct. at 2690-91.  *Freeman* did not address § 3582(c)(2)'s other explicit requirement that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The relevant commentary to § 1B1.10 explains how to determine when a reduction is consistent with the Sentencing Commission's policy statement on § 3582(c)(2) reductions—specifically when an amendment "lower[s] the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  The commentary does not interpret, and is not plainly inconsistent with, § 3582(c)(2).  Accordingly, we reject Hardiman's argument on this point.

**III.**

In sum, the district court properly denied Hardiman's § 3582(c)(2) motion because he was sentenced as a career offender and Amendment 782 did not lower his applicable guideline range, even though he received a downward variance to a term of imprisonment within the range that would have applied if he were not a career offender.

**AFFIRMED.**