[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11598

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALVIN CHRISTOPHER HAMILTON, JR.,
a.k.a. Bird,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:12-cr-00001-JRH-CLR-10

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Alvin Hamilton, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction, which asserted that he was entitled to relief based on both "extraordinary and compelling reasons" and a retroactive amendment to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(1)(A), (c)(2). After careful review, we affirm.

## I.

In 2012, Hamilton pled guilty to and was convicted of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and 28 grams or more of cocaine base. The district court sentenced him under the career-offender guideline, U.S.S.G. § 4B1.1, finding that the conspiracy offense was a felony controlled-substance offense and that he had at least two prior such convictions. Based on the career-offender enhancement, Hamilton's guideline range was 188 to 235 months of imprisonment, and the court sentenced him to 225 months.

In February 2022, Hamilton filed a motion for a sentence reduction on two grounds under § 3582(c) and also requested

appointment of counsel.[1]  First, he argued that extraordinary and compelling reasons qualified him for early release under § 3582(c)(1)(A).  In his view, such reasons included post-sentencing changes in the law which, he said, rendered his drug-conspiracy conviction not a controlled-substance offense and meant he was no longer a career offender.[2]  He also claimed that a medical condition—low white blood-cell count—increased his risk of severe illness from Covid-19.  And second, he contended that, because he was no longer a career offender, relief was also available under § 3582(c)(2) based on Amendment 782.

The government opposed Hamilton's motion.  In the government's view, Hamilton did not establish extraordinary and compelling grounds for release, and early release was not warranted under the 18 U.S.C. § 3553(a) sentencing factors.  Hamilton replied, making similar arguments as before.

---

[1] Hamilton filed two other sentence-reduction motions, in 2014 and 2019, which the district court denied.  According to Hamilton, his 2014 motion based on Amendment 782 was denied because he was a career offender, and his 2019 motion based on § 404 of the First Step Act was denied because he was sentenced after passage of the Fair Sentencing Act.

[2] Notably, we recently reheard an appeal *en banc* presenting this issue.  *See United States v. Dupree*, No. 19-13776 (memorandum dated March 2, 2022).  Because we hold that the court here did not err in denying Hamilton's motion, even assuming he is correct about his career-offender status under current law, the resolution of *Dupree* will not affect the outcome of this appeal.

The district court denied Hamilton relief.  The court explained that Hamilton was required to show an extraordinary and compelling reason for relief within the meaning of U.S.S.G. § 1B1.13, that his medical condition did not meet the policy statement's criteria, and that it was not authorized to grant compassionate release based solely on a change in the law related to his career-offender status.  The court went on to determine that, even assuming Hamilton was eligible, the § 3553(a) factors weighed against a reduction.  In support of that determination, the court cited Hamilton's "extensive criminal history" involving drug distribution, the favorable sentence he originally received, and the more than six years remaining on his sentence.  Finally, the court found that any challenge to his career-offender status was cognizable only on collateral review under 28 U.S.C. § 2255.  It denied as moot Hamilton's request for appointment of counsel.  Hamilton now appeals.

## II.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  We review the denial of an eligible prisoner's § 3582(c) motion for an abuse of discretion. *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

## A.

Under § 3582(c)(1)(A), a district court may grant a defendant's request to reduce his prison term, after considering the § 3553(a) sentencing factors, if the reduction is supported by

"extraordinary and compelling reasons" and "consistent with applicable policy statements" in the guidelines.    8 U.S.C. § 3582(c)(1)(A)(i).   The applicable policy statement is found at U.S.S.G. § 1B1.13.   *Bryant*, 996 F.3d at 1262.

The failure to demonstrate an extraordinary and compelling reason within the meaning of § 1B1.13 is alone sufficient to "foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).   The commentary to § 1B1.13 outlines medical, age, and family circumstances which may qualify as sufficiently "extraordinary and compelling."   *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C).   As relevant here, a non-terminal medical condition may be grounds for a sentence reduction if it substantially diminishes a prisoner's ability to provide self-care in custody and the prisoner is not expected to recover.  *Id.*, cmt. n.1(A).  We have held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria.  *United States v. Giron*, 15 F.4th 1343, 1346–47 (11th Cir. 2021).

While the commentary also authorizes relief for "other reasons," U.S.S.G. § 1B1.13, cmt. n.1(D), such other reasons must be determined by the Bureau of Prisons, not by the courts.  *See Bryant*, 996 F.3d at 1262–65.  In other words, a district court lacks discretion to develop other reasons outside those listed in § 1B1.13. *Id.*  While Hamilton cites case law from other circuits that have resolved this issue differently, we are bound by our prior precedent

binding district courts to the terms of § 1B1.13.  *See, e.g., United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court *en banc* or by the Supreme Court." (quotation marks omitted)).

Here, the district court did not err in denying Hamilton's request for a sentence reduction under § 3582(c)(1)(A).  Hamilton has not shown that his low white blood-cell count substantially diminishes his ability to provide self-care in custody within the meaning of § 1B1.13.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A).  The record reflects that Hamilton's condition is "manageable in prison, despite the existence of the COVID-19 pandemic."  *Giron*, 15 F.4th at 1346–47 (holding that a defendant's high cholesterol, high blood pressure, and coronary artery disease did not qualify him for early release because they were "manageable in prison, despite the existence of the COVID-19 pandemic").  He therefore has not established a medical condition that meets the requirements of § 1B1.13.

Beyond his medical condition, Hamilton relies on post-sentencing legal developments relating to his career-offender status.  But the district court properly declined to consider these matters when determining whether Hamilton presented an extraordinary and compelling reason for a sentence reduction.  Because changes in the law do not fall within any of the reasons that § 1B1.13 identifies as "extraordinary and compelling," the district court correctly concluded that it lacked the authority to grant a reduction based on intervening legal changes.  *See Bryant*, 996 F.3d at 1265.

Because Hamilton has not established an extraordinary and compelling reason within the meaning of § 1B1.13, that alone is sufficient to "foreclose a sentence reduction." *Tinker*, 14 F.4th at 1237–38. As a result, we need not and do not consider whether the district court abused its discretion by failing to consider his career-offender status under current law or made other errors when evaluating the § 3553(a) factors. Any errors in that regard would be harmless because, under our precedent, no reduction was authorized under § 3582(c)(1)(A).

The Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), does not change this analysis. In *Concepcion*, the Court held that district courts may consider intervening changes of law or fact when exercising their discretion to reduce a sentence under § 404 of the First Step Act. *Id.* at 2404. Even if we assume that courts likewise may consider intervening changes of law or fact when evaluating the § 3553(a) factors for purposes of exercising their discretion to reduce a sentence under § 3582(c)(1)(A), the result here is the same. As *Concepcion* itself recognizes, Congress can "expressly cabin[] district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements," which it did in the case of both § 3582(c)(1)(A) and § 3582(c)(2). *Id.* at 2401. And that additional limitation, we held in *Bryant*, means that no reduction can be granted under § 3582(c)(1)(A) unless a defendant establishes an extraordinary and compelling reason within the meaning of § 1B1.13. *See Bryant*, 996 F.3d at 1265.

Because Hamilton's motion did not present grounds falling within any of the reasons that § 1B1.13 identifies as "extraordinary and compelling," the district court properly denied his motion for a sentence reduction under § 3582(c)(1)(A).

**B.**

Hamilton's sentence-reduction motion also relied on § 3582(c)(2) and Amendment 782. Under § 3582(c)(2), a district court may reduce a defendant's prison term, after considering the § 3553(a) factors, if his sentencing range was lowered by a retroactive amendment to the guidelines and "a reduction is consistent with applicable policy statements" in the guidelines. 18 U.S.C. § 3582(c)(2).

Under the applicable policy statement, a defendant is not eligible for a sentence reduction if a retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). So "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008). In other words, "a retroactive guideline amendment does not trigger 18 U.S.C. § 3582(c)(2) when a sentence was based on the career offender guideline and the amendment does not alter the guideline range." *United States v. Tellis*, 748 F.3d 1305, 1309 (11th Cir. 2014); *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012).

Amendment 782 is a retroactive amendment that reduced the base offense level for most drug offenses by two levels. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. App. C., Amend. 782. But Amendment 782 did not make any changes to U.S.S.G. § 4B1.1, the career-offender guideline. *See* U.S.S.G. App. C., Amend. 782.

Here, Hamilton's sentence was based on the career-offender guideline, which Amendment 782 did not alter, so he is not eligible for a reduction in his sentence under § 3582(c)(2). *See Tellis*, 748 F.3d at 1309–10; *Lawson*, 686 F.3d at 1321. Although he also challenges the validity of his career-offender designation under current law, his arguments on this point are outside the limited scope of a § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000) (stating that in a § 3582(c)(2) proceeding "only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." (quotation marks omitted)); *see also Dillon v. United States*, 560 U.S. 817, 831 (2010) (holding that the alleged sentencing errors that the defendant sought to correct were not affected by the applicable guideline amendment and were therefore outside the scope of the § 3582(c)(2) proceedings).

Because Hamilton was not eligible for a reduction under § 3582(c)(2), the district court lacked the discretion to grant relief.

### III.

Finally, Hamilton moves for the appointment of counsel on appeal, and he likewise requested appointment of counsel before

the district court.  Because it does not appear that Hamilton could establish eligibility for a sentence reduction under either § 3583(c)(1)(A) or (c)(2), even with the benefit of counsel, and he has otherwise ably presented his arguments, we **DENY** his motion for appointed counsel on appeal and affirm the denial of his motion below.

**AFFIRMED.**